UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :   No. 4:CV-05-0841
                             :
    Plaintiff,          :   Complaint filed 04/27/05
                             :
        v.             :   Judge Muir
                             :
TAMMY E. MCFALL,         :
                             :
    Defendant         :

ORDER

August 24, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 27, 2005, Plaintiff United States of America initiated this action by filing a complaint against Tammy E. McFall.  The government claims that McFall obtained a mortgage for real estate through the United States Department of Agriculture and that McFall has defaulted is in default of the terms of the mortgage.

After all other avenues for attempting to serve the complaint upon McFall were unsuccessful, by order dated June 23, 2005, we granted the government's motion to serve McFall by posting notice of this action at the property subject to the mortgage.  Such notice was posted on July 5, 2005.  McFall has failed to file any response as required by the Federal Rules of Civil Procedure.

On July 25, 2005, the government filed a request addressed to the Clerk of Court to enter a default, a motion addressed to

the court for default judgment, and a brief in support of the

motion for default judgment.  The Clerk of Court entered a

default against McFall on August 2, 2005.

   The motion for default judgment is supported by an affidavit

and a brief.  The time allowed for McFall to file an opposition

brief expired on August 12, 2005.  To this date she has not filed

any document in this case.  We consider the motion for default

judgment to be ripe for disposition because the motion itself,

supporting affidavit and brief, and docket entries provide us

with all of the information necessary to rule on the pending

motion.

   One reason to grant the motion is that it is unopposed. *See*

M.D. Local Rule 7.6 (providing that the failure to file an

opposition brief "may result in the court granting the motion on

the basis that it is unopposed").  That is not the only reason to

grant the government's motion.

   The Court of Appeals for the Third Circuit has stated that

the following factors govern the disposition of a motion for a

default judgment: (i) whether the plaintiff will be prejudiced if

the default judgment is denied; (ii) whether the defendant has a

meritorious defense; and (iii) whether the default was the

product of defendant's culpable conduct. United States v.

$55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984);

Spar v. Choice Security Systems, Inc., 880 F. Supp. 402, 404

(E.D. Pa. 1995)(Brody, J.).   The decision as to whether to grant

a motion for a default judgment is in the court's discretion. Id.

at 402.

The first factor weighs against the government because it

has not argued or demonstrated that it would be prejudiced if we

do not enter a default judgment against McFall.

With respect to the second factor, we are unable to evaluate

the merits of McFall's potential defense or defenses because she

has not informed us of any defense.   In addition, a cursory

review of the complaint has not revealed any obvious defense that

they could assert in this action.   This factor weighs in favor of

the government.

The last element also favors the government because McFall

is solely at fault for failing to file a responsive pleading.

The United States has established that it is entitled to a

default judgment in this case.   We will grant its motion for that

relief.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   The United States's motion for a default judgment

against McFall (Document 8) is granted.

2.   Judgment is hereby entered in favor of the United

States and against McFall in the amount of $86,588.95,

plus interest at the rate of $13.20 per day from

December 31, 2004, to the date of any Marshal's sale or

other sale of the property.

3.  The promissory note and mortgage between the United

    States and McFall are foreclosed as to the real

    property described therein.  In accordance with §

    20491) of the National Housing Act there is no right of

    redemption in the mortgagor or any other person.

4.  The real property described in the promissory note and

    mortgage shall be sold pursuant to the following

    process:

    a)  The United States Marshal for the Middle District

        of Pennsylvania is directed to sell the real

        property for cash to the highest bidder at a

        public, judicial sale pursuant to Title 28 U.S.C.

        § 2001 within 180 days after the date of this

        order.  Notice shall be given, in accordance with

        28 U.S.C. § 2002, once a week for four consecutive

        weeks prior to the sale in one newspaper regularly

        issued and of general circulation in the county

        and judicial district where the real estate is

        situated.  Plaintiff shall advertise a complete

        legal description of the property.

    b)  Ten (10) percent of the highest bid shall be

        deposited in certified check or cashier's check

        with the United States Marshal by the bidder

immediately upon the property being struck down to
the bidder.  The balance of the purchase money
shall be paid in certified or cashier's check by
the highest bidder to the Marshal within ten (10)
days after the sale is confirmed by the Court,
without demand for the same being made by the
Marshal.  It is the highest bidder's
responsibility to ascertain the date of
confirmation.  If the highest bidder fails to
settle, all his rights in the real estate shall
cease and be completely void and the property may
be re-advertised and sold by the Marshal without
further order of the court, at the risk of the
defaulting bidder whose deposit shall be
forfeited; and in case of a deficiency on such
resale, the defaulting bidder shall make good to
the person thereby injured.  The highest bidder
shall take the real estate subject to and is to
pay all current state and local taxes, water rents
or charges, sewer rents or charges, municipal
claims, and any other claims, charges, and liens
against the property which are not divested by the
Marshal's sale, and shall pay all state, local,
and federal transfer taxes and stamps.  If the

United States is not the successful bidder, the
United States will automatically be registered as
the second highest bidder at the judgment amount
and may proceed to make settlement with the
Marshal in the event of default by the highest
bidder.

c)     The United States or its nominee is granted right
of entry at reasonable times to the subject
premises for purposes of pre-sale inspection and
Marshal's sale with the right to inspect the
house, the books, records, accounts, and all other
items, things, and information necessary for the
inspection, advertisement, and sale of the
property.

5.   A motion for confirmation of the public sale shall be
made by the Marshal or the United Sates within 30 days
after the date of the sale.

6.   Upon confirmation of the sale, the Marshal shall hold
the proceeds of the sale, after deducting the costs and
expenses of the sale, pending distribution pursuant to
further order of this court.

7.   The United States shall be paid the amount adjudged due
pursuant to the distribution of the proceeds of the
sale.

8.    The Clerk of Court shall forthwith provide the United

       States Marshal with a copy of this order.

9.    Jurisdiction is retained over this matter for the

       granting of such further orders as the circumstances

       may require.


                                        s/Malcolm Muir
                                        MUIR, U.S. District Judge

MM:ga